816 So.2d 817 (2002)
Jamie Lee COLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-507.
District Court of Appeal of Florida, Second District.
May 17, 2002.
*818 James Marion Moorman, Public Defender, and Celene Humphries, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Jamie Coley appeals from his judgment and sentence for aggravated battery (battery on a pregnant woman). He correctly argues that the trial court erred in failing to redact portions of the 911 tape admitted into evidence that refer to a nonexistent restraining order. The reference to the restraining order had absolutely no probative value, and it was unfairly prejudicial as it suggested past criminal conduct on Coley's part, and more specifically, violence toward the victim in this case. The State argues that even if the reference to the restraining order should have been redacted from the tape, its admission into evidence was harmless. We disagree.
The test for harmless error requires the State "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict," or stated differently, "that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). The State has tried to carry its burden by arguing that it produced substantial evidence of Coley's guilt. The fact that the properly admitted evidence may have been sufficient to convict Coley is not determinative of whether an error is harmless. Goodwin v. State, 751 So.2d 537, 541-42 (Fla.2000); DiGuilio, 491 So.2d at 1136, 1139. The State still must convince this court that the error did not contribute to the jury's verdict. The State did not meet its burden, and in fact, argued that "no one can know" what impact the reference to the restraining order had on the jury.
In addition to considering the State's argument that the error was harmless, we are obligated to conduct our own *819 independent assessment of the effect of the error on the verdict. Goodwin, 751 So.2d at 545. After reviewing the entire record and listening to the 911 tape, we cannot conclude beyond a reasonable doubt that the reference to the restraining order did not contribute to the jury's verdict. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., concur.